Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**Xue Liang CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–2430–ag.

United States Court of Appeals, Second Circuit.

Jan. 12, 2007.

Jim Li, Esquire, New York, NY, for Petitioner.

Paul I. Perez, U.S. Atty., Karin B. Hoppmann, Asst. U.S. Atty., Appellate Division, Peter J. Sholl, Asst. U.S. Atty., Appellate Division, Tampa, FL, for Respondent.

Present: JON O. NEWMAN, ROBERT A. KATZMANN and REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

Xue Liang Chen, a native and citizen of the People's Republic of China, seeks review of an April 27, 2006, order of the BIA affirming the November 28, 2001, decision

of Immigration Judge ("IJ") Robert D. Weisel, denying his applications for asylum and withholding of removal. *In re Xue Liang Chen*, No. A77 297 618 (B.I.A. Apr. 27, 2006), *aff'g* No. A77 297 618 (Immig. Ct. N.Y. City Nov. 28, 2001). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

The agency decision denying Chen's applications for asylum and withholding of removal because it found that he did not establish that he was targeted by the police on account of his political opinion was supported by substantial evidence. For Chen to show that his complaints to the village party secretary and to the township government were politically motivated, he was required to do more than seek reimbursement of the expenses that the police officers incurred at his restaurant—he needed to show that he was challenging the "legitimacy and authority of the ruling regime itself." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 547 (2d Cir.2005). Chen made no such showing here. The evidence indicates that Chen's interest in making and escalating his complaint lay solely in recovering his money, since nothing in the record suggests that he was motivated by anything beyond self-interest to shield his business from the excesses of the local police. *Id.*

Chen's failure to establish the "on account of" requirement in the definition of "refugee" is fatal to both his claims for asylum and to withholding. Accordingly, the Court need not review the BIA's finding that the harm that Chen suffered did not amount to persecution, or that he did not establish a well-founded fear of persecution.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DISMISSED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).